**XIAO CHEN, Petitioner,**

v.

**BOARD OF IMMIGRATION APPEALS, Respondent.**

No. 04–3688–ag.

United States Court of Appeals, Second Circuit.

June 5, 2006.

Fengling Liu, New York, NY, for Petitioner.

PRESENT: WILFRED FEINBERG, JOSÉ A. CABRANES and PETER W. HALL, Circuit Judges.

## SUMMARY ORDER

Xiao Chen petitions for review of the June 2004 BIA decision affirming Immigration Judge ("IJ") Victoria Ghartey's decision denying his applications for asylum, withholding of removal, and relief under the Convention Against Torture ("CAT"). We assume the parties' familiarity with the underlying facts and procedural history of the case.

When the BIA summarily affirms the decision of the IJ without issuing an opinion, *see* 8 C.F.R. § 1003.1(e)(4), this Court reviews the IJ's decision as the final agency determination. *See, e.g., Twum v. INS,* 411 F.3d 54, 58 (2d Cir.2005); *Yu Sheng Zhang v. U.S. Dep't of Justice,* 362 F.3d 155, 158 (2d Cir.2004). This Court reviews the agency's factual findings, including adverse credibility determinations, under the substantial evidence standard, treating them as "conclusive unless any reasonable adjudicator would be compelled to conclude to the contrary." 8 U.S.C. § 1252(b)(4)(B); *see, e.g., Zhou Yun Zhang v. INS,* 386 F.3d 66, 73 & n. 7 (2d Cir.2004).

Where discrepancies arise from an applicant's statements in an airport interview, this Court generally looks to whether (1) the record of the interview merely summarizes or paraphrases the applicant's statements rather than providing a verbatim account or transcript, (2) the questions posed to the applicant seem designed to elicit the details of an asylum claim, (3) the applicant appears to have been reluctant to reveal information to immigration officials because of prior interrogation sessions or other coercive experiences in his or her home country, and (4) the applicant's answers to the questions posed suggest that he or she did not understand English or the translations provided by the interpreter. *See Ramsameachire v. Ashcroft,* 357 F.3d 169, 179–80 (2d Cir.2004).

In this case, Chen's airport interview was transcribed and Chen had signed the

bottom of each page. The interviewer gave Chen several opportunities to state the reasons that he feared returning to China, but Chen never mentioned his military service and, instead, explained that he wanted to stay in the United States to earn money. Although Chen told the interviewer both that he was a soldier and that he was not in the military, the IJ was entitled to reject Chen's explanation at the hearing that the translation was wrong, inasmuch as Chen also explained at the interview that the smuggler had told him to say he was a soldier and he failed to explain why he feared returning to China despite being given numerous opportunities to do so. *See, e.g., Wu Biao Chen v. I.N.S.*, 344 F.3d 272, 275 (2d Cir.2003). Moreover, the IJ was entitled to base his adverse credibility determination on the inconsistent statements because Chen's airport interview differed materially from hearing testimony that he feared returning to China as he had refused to obey military orders to arrest Falun Gong practitioners. *See Yun–Zui Guan v. Gonzales*, 432 F.3d 391, 398 (2d Cir.2005).

Furthermore, this Court also accepts the IJ's determination that Chen was evasive, since this finding is entitled to deference, *see Majidi v. Gonzales*, 430 F.3d 77, 81 n. 1 (2d Cir.2005), and her finding that Chen had testified inconsistently regarding the date that his parents were released from detention and his contact with Falun Gong practitioners. Contrary to Chen's assertion, the IJ did not err in requiring Chen to provide corroborating evidence of his military service, inasmuch as the IJ found that Chen had not otherwise testified credibly. *See Xiao Ji Chen v. U.S. Dep't of Justice*, 434 F.3d 144, 164 (2d Cir.2006).

Although Chen has identified some erroneous grounds relied on by IJ, remand is futile because the non-erroneous grounds, as discussed above, provide substantial evidence for the IJ's conclusion and we can "confidently predict" that the same decision would be made on remand. *See id.* at 162 (quoting *Cao He Lin v. U.S. Dep't of Justice*, 428 F.3d 391, 395 (2d Cir.2005)).

Finally, because Chen failed to raise the issue of CAT relief in his brief before this Court, this issue has been waived. *See Yueqing Zhang v. Gonzales*, 426 F.3d 540, 546 n. 7 (2d Cir.2005).

For the foregoing reasons, the petition for review is DENIED. Having completed our review, any stay of removal that the Court previously granted in this proceeding is VACATED, and any pending motion for a stay of removal is DENIED as moot. Any pending request for oral argument is DENIED in accordance with Federal Rule of Appellate Procedure 34(a)(2) and Second Circuit Local Rule 34(d)(1).